# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ADAM S. HUGHES, | DOCKET NUMBER |
| Appellant, | DA-0752-21-0115-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 9, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam S. Hughes, Edinburg, Texas, pro se.

Maria Lerma and Arthur M. Whitman, Esquire, Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed as a Medical Support Assistant. Initial Appeal File (IAF), Tab 1 at 1, 18, 26. On June 21, 2019, the agency proposed to remove the appellant under 38 U.S.C. § 714 based on his failure to perform successfully under two critical performance elements. *Id.* at 5-7. His removal was subsequently put on hold under 38 U.S.C. § 714(e). IAF, Tab 8 at 16. On December 28, 2020, the agency issued its removal decision sustaining both charges and the penalty of removal. IAF, Tab 1 at 39-42. The decision was to be effective 5 calendar days from its receipt. *Id.* at 39, 42. The appellant resigned, effective December 31, 2020, prior to the effective date of the removal decision. IAF, Tab 8 at 10-11.

He subsequently filed a Board appeal seemingly challenging the agency's removal action. IAF, Tab 1 at 4. Noting that he resigned prior to the effective date of the removal, the administrative judge treated the appeal as a coerced or

involuntary resignation appeal, she informed the appellant of how to establish jurisdiction, and she changed the docket number to better reflect the nature of the appeal. IAF, Tab 10 at 1, Tab 11 at 1-3, Tab 13. After the parties responded to the jurisdictional order, IAF, Tabs 12, 14, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 15, Initial Decision (ID) at 1-2.

The administrative judge found that the appellant failed to nonfrivolously allege that his resignation was involuntary either by coercion or misleading statements from the agency. ID at 5-8. Specifically, the administrative judge found that the appellant could have challenged the agency's adverse action rather than resign. ID at 6. She further found that the appellant failed to allege that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to resign. ID at 7. Finally, she found that the appellant failed to identify any specific misleading statements made by any agency official that he relied on to his detriment. ID at 7-8. She ultimately concluded that he failed to allege facts which, if proven, would show that the agency deprived him of the freedom to choose between continuing his employment with the agency and resigning. ID at 8.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded, and the appellant has replied to its response. PFR File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the agency coerced his resignation by, among other things, making misleading statements, engaging in retaliatory actions, and subjecting him to a difficult and hostile work environment. PFR File, Tab 1 at 3-6, Tab 5 at 3-4. He also asserts various procedural errors and other factors that the administrative judge failed to address. PFR File, Tab 1 at 3-6, Tab 5 at 3-4. For the first time in his reply brief, he contends that his

resignation was the result of the agency's denial of his request for an accommodation. PFR File, Tab 5 at 3. He also includes in his reply brief numerous documents. *Id.* at 5-20.

An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus, outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). However, an employee may establish Board jurisdiction over an involuntary resignation by proving that he lacked a meaningful choice in the matter and the agency's wrongful actions deprived him of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013). Among the ways that an employee can establish involuntariness is by proving that the agency obtained the action through duress or coercion. *Searcy*, 114 M.S.P.R. 281, ¶ 12. The touchstone of a voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Id.* Intolerable working conditions may render an action involuntary if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Id.* If the appellant presents a nonfrivolous allegation of Board jurisdiction in this regard,[2] he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010).

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation will generally be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id*.

<u>The administrative judge correctly found that the appellant failed to nonfrivolously allege that the agency coerced his resignation.</u>[3]

We have considered the appellant's arguments on review that his resignation was coerced. For example, the appellant argues that he worked for 18 months between the agency's proposed removal and its removal decision, during which it was uncertain how long he would have a job. PFR File, Tab 5 at 3. He also appears to allege that the removal action was taken in retaliation for whistleblowing. PFR File, Tab 1 at 4, Tab 5 at 3. He also asserts that the agency knew its removal action could not be substantiated. PFR File, Tab 1 at 4. He additionally argues that he was subject to a hostile work environment and bullying. PFR File, Tab 1 at 5, Tab 5 at 3. The appellant also alleges that he resigned under duress due to his heavy workload, his assignment to a temporary position where he had to work alone for 2½ days, and the laws to limit protections for "Schedule F" employees, which created more "instability" in his job. PFR File, Tab 5 at 3. These arguments are not persuasive.

The fact that an employee is faced with the unpleasant choice of either resigning or opposing an adverse action does not rebut the presumed voluntariness of his ultimate choice of resignation. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009). Moreover, the appellant could have challenged the removal action, rather than resign. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (noting that the Board generally will not find an action involuntary when the appellant had the option to stand and fight the alleged retaliation rather than resign). Indeed, as the administrative judge noted, the appellant could have challenged any allegedly retaliatory action before the Board.[4] ID at 8 n.3. However, in an involuntary

---

[3] The appellant alleged that his resignation resulted from misleading statements from the agency. IAF, Tab 12 at 3. The administrative judge considered this argument but found it unpersuasive. ID at 7-8. The appellant does not challenge this finding on review, and we discern no reason to disturb it.

[4] On review, the appellant appears to contend that the administrative judge did not consider his letter to the Director, which addressed "mismanagement issues." PFR File,

resignation appeal, evidence of retaliation may only be addressed only insofar as it relates to the issue of voluntariness and not whether the evidence would establish reprisal as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). We have considered his claim of retaliation, but we are not persuaded that such allegations deprived him of a meaningful choice in the matter. Moreover, the appellant has not nonfrivolously alleged that the agency knew its removal action could not be substantiated.

Regarding his claim of intolerable working conditions, the appellant must show that a reasonable employee in his position would have found the working conditions so oppressive that he would have felt compelled to resign. *See Carey v. Department of Health and Human Services*, 112 M.S.P.R. 106, ¶ 5 (2009). However, an employee is not guaranteed a work environment free of stress. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Indeed, a heavy workload and temporary placement in an isolated position is generally not so intolerable as to compel a reasonable person to resign. *See id.* (noting that dissatisfaction with work assignments and difficult working conditions are generally not so intolerable as to compel a reasonable person to resign).

Moreover, he has not outlined any specific allegations of "workplace bullying." PFR File, Tab 1 at 5, Tab 5 at 3, 5-8. The appellant also has not alleged how his uncertain future at the agency created such intolerable working conditions that a reasonable person would have felt compelled to resign. *See Barnett v. U.S. Postal Service*, 59 M.S.P.R. 125, 128 (1993) (finding that an

---

Tab 1 at 4. It is unclear whether the appellant sought corrective action from the Office of Special Counsel (OSC). The record reflects that the agency's removal decision was put on hold, pursuant to 38 U.S.C. § 714(e), to allow for an investigation of whistleblower retaliation allegations. IAF, Tab 8 at 16. Additionally, the appellant asserted below that he filed with OSC, IAF, Tab 12 at 3, but there is no evidence in the record of a complaint or an OSC final decision. Accordingly, we do not construe this involuntary resignation appeal as an individual right of action (IRA) appeal. Should the appellant wish to file an IRA appeal, he should do so with the appropriate regional office. The Board makes no finding regarding timeliness or jurisdiction regarding such an appeal.

appellant's uncertain future did not render his retirement decision involuntary when he could have waited for a determination as to which position he would have been assigned and whether that assignment could have resulted in a reduction of pay or grade, which he could have appealed). Likewise, the appellant does not explain how any potential loss of stability or employment protections to "Schedule F" employees deprived him of a meaningful choice in the matter. *See, e.g.*, *Allen v. Office of Personnel Management*, 77 M.S.P.R. 212, 220 n.4 (1998) (observing that the uncertainty accompanying a restructuring or reorganization did not render the appellant's decision involuntary). Accordingly, we find that these allegations do not evince working conditions so intolerable that a reasonable person in the appellant's position would have felt compelled to resign. *See Miller*, 85 M.S.P.R. 310, ¶ 32. We also agree with the administrative judge that the appellant has failed to nonfrivolously allege that these allegedly unpleasant working conditions or other allegations of coercion deprived him of a meaningful choice in the matter. ID at 6-8.

For the first time in his reply brief, the appellant alleges that his resignation was the result of the agency's denial of his request for reasonable accommodation, and he attaches his February 20, 2019 request. PFR File, Tab 5 at 3, 18-20. The Board generally will not consider evidence or argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Indeed, the Board has held that it need not consider an appellant's new theory of involuntary resignation on review when both the evidence and argument were available before the record closed, but the party failed to submit it. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 7 (2008). The appellant's request for an accommodation occurred before his resignation, and he has not shown why he was unable to raise this issue or present this evidence to the administrative judge or in his petition for

review. Given that the evidence and argument was available before the administrative judge and the appellant did not raise the issue until his reply brief, we have not considered it. Similarly, we do not consider the appellant's other evidence in his reply brief, including a pamphlet for an agency class entitled "Verbal Defense in Healthcare," various online articles, correspondence between the appellant and his supervisor, and correspondence from the Office of the Inspector General regarding a complaint that he filed. PFR File, Tab 5 at 5-17.

Finally, the appellant asserts that the dismissal information packet he received from the agency lacked the requisite Government form numbers. PFR File, Tab 1 at 4-5. Without deciding whether this action amounts to improper conduct by the agency, we find that the appellant has failed to explain how this action deprived him of a meaningful choice in the matter.

In conclusion, the appellant has not made a nonfrivolous allegation that he lacked a meaningful choice in the matter and/or that the agency's wrongful actions deprived him of that choice. Therefore, we affirm the administrative judge's dismissal of the appeal for lack of jurisdiction.

The appellant's remaining arguments on review are unpersuasive.

The appellant alleges that there were procedural errors and that the administrative judge failed to address other factors. For example, he argues that the timeline of his appeal was changed twice, which altered his ability to properly present his case. PFR File, Tab 1 at 3. Specifically, he asserts that the initial phone interview was "moved up 2-3 days" and that, despite a deadline being set for prehearing submissions, the administrative judge's subsequent jurisdictional order required him to respond earlier than that original deadline. *Id*. It does appear that the administrative judge originally directed the appellant to file his prehearing submission by February 22, 2021. IAF, Tab 6 at 1. During a conference call with the parties, it appears that the issue of a coerced resignation arose, which resulted in discussions regarding the Board's jurisdiction. IAF, Tab 10 at 1. The administrative judge therefore issued a jurisdictional order,

which apprised the appellant of his jurisdictional burden and ordered him to make nonfrivolous allegations of jurisdiction by February 5, 2021. IAF, Tab 11 at 3. The appellant appears to admit that he did not object to any of these deadlines, and he did not request an extension of time to respond to any order. PFR File, Tab 1 at 3. Thus, we find that the appellant is precluded from raising this issue on review. *See Pettye v. Office of Personnel Management*, 83 M.S.P.R. 260, ¶ 4 n.1 (1999).

The appellant additionally asserts that the initial decision failed to acknowledge the COVID-19 pandemic and its effect on the healthcare industry. PFR File, Tab 1 at 5. He also appears to suggest that the Board should apply a different standard to cases arising in the healthcare industry, particularly with a focus on ensuring job security in healthcare. *Id.* at 6. These arguments do not warrant a different outcome.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.